**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| SARAH PATRICK<br>500 Cincinnati Avenue, Apt 43<br>Lebanon, OH 45036 | ) ) ) ) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |
| ENGINEERED PLASTIC COMPONENTS,<br>INC.<br>315 Southwest Street<br>Lebanon, OH 45036 | ) ) ) ) ) | **JURY DEMAND ENDORSED<br>HEREIN** |
| **Serve Also:**<br>ENGINEERED PLASTIC<br>COMPONENTS, INC.<br>c/o CT Corporation Systems<br>Statutory Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | ) ) ) ) ) ) ) ) | |
| -and- | ) ) | |
| ENGINEERED PLASTIC<br>COMPONENTS, INC.<br>Corp. HQ<br>4500 Westown Pkwy, Suite 277<br>West Des Moines, IA 50266 | ) ) ) ) ) ) | |
| **-and-** | ) ) | |
| DOTTIE LNU<br>c/o Engineered Plastic Components, Inc.<br>315 Southwest Street<br>Lebanon, OH 45036 | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, Sarah Patrick, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES

1. Patrick is a resident of the city of Lebanon, Warren County, Ohio.

2. Defendant ENGINEERED PLASTIC COMPONENTS, INC, ("EPC") is a foreign corporation that conducts business within the state of Ohio. The relevant location of the events and omissions of this Complaint took place was 315 Southwest Street, Lebanon, OH 45036.

3. Upon information and belief, Defendant Dottie LNU is a resident of Ohio.

4. EPC is, and was at all times hereinafter mentioned, Patrick's employer within the meaning of the Americans with Disability Act ("ADA") 42 U.S.C. §12101 and R.C. § 4112 et seq.

5. Defendant Dottie LNU is, and was at all times hereinafter mentioned, owner, manager, supervisor, and/or agent of EPC, and as such, an employer within the meaning of R.C. §4112.02(J).

6. Within 300 days of the adverse employment actions described herein, Patrick filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2022-00117 ("EEOC Charge").

7. On or about May 27, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Patrick regarding the EEOC Charge.

8. Patrick received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which had been attached hereto as Plaintiff's Exhibit 1.

9. Patrick has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

10. Patrick has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

## JURISDICTION & VENUE

11. All of the material events alleged in this Complaint occurred in or around Warren County, Ohio.

12. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 in that Plaintiff is alleging federal law claims under the ADA.

14. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as Plaintiff's state law claims are so closely related to Plaintiff's federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

16. Patrick is a former employee of EPC.

17. At all times noted herein, Patrick was qualified for her position at EPC.

18. At all times noted herein, Patrick could fully perform the essential functions of her job, with or without a reasonable accommodation.

19. Patrick worked as a Quality Supervisor at EPC from August 2020, until EPC unlawfully terminated Patrick's employment on or around August 26, 2021.

20. As a result of suffering from Lupus, Patrick is and was considered disabled within the meaning of R.C. § 4112.01(A)(13) and the ADA.

21. In the alternative, EPC perceived Patrick as being disabled.

22. In the alternative, the EPC perceived that Patrick's medical condition constituted a physical impairment.

23. In the alternative, EPC perceived Patrick's disability to substantially impair one or more of her major life activities, including working.

24. Despite this actual or perceived disabling condition, Patrick was still able to perform the essential functions of her job.

25. As a result of her Lupus, Patrick would become sick when her body was overheated and, at times, sores would be present on her body.

26. After being hired at EPC, Patrick disclosed her disability to EPC. Defendants thus had notice of Patrick's protected disability class.

27. At the beginning of her employment, Patrick fell ill while working due to the effect the heat in the facility had on her medical condition.

28. When Patrick became sick while working, EPC sent her home on multiple occasions.

29. As winter came and the cold weather set in, Patrick's medical condition subsided, and Patrick performed at such a high level that EPC promoted her to Quality Supervisor around March 2021.

30. Unfortunately, soon after Patrick's promotion, the weather heated up, and Patrick's medical condition worsened again.

31. Patrick requested an accommodation from her supervisors at EPC to step away to the breakroom from time to time to prevent her body from overheating. This was an attempt to engage in the interactive process of finding her a reasonable accommodation.

32. EPC did not grant this accommodation, despite that it would not have caused any undue hardship on the company. This was a refusal for EPC to engage in the interactive process of finding Patrick a reasonable accommodation.

33. On or around August 24, 2021, supervisor Dottie LNU texted Patrick informing her that EPC was demoting her. This was an adverse employment action against her for her disability and an adverse action against her in retaliation against her attempt to find a reasonable accommodation.

34. Patrick responded by making a written protected complaint that EPC's actions were discriminatory based on her disability and requested that the decision be reconsidered.

35. Patrick made this written protected complaint to Dottie LNU and plant manager Jack LNU.

36. Dottie LNU responded that the demotion was not discriminatory because Patrick would still have a job, just not the job that EPC had promoted her to.

37. EPC demoted Patrick in an effort to make her quit – a constructive termination.

38. On or around August 26, 2021, Patrick resigned citing EPC's refusal to provide her reasonable accommodations. This was a constructive termination.

39. Patrick resigned under circumstances any reasonable person would also have to resign – after materially changing her employment via demotion.

40. The above facts demonstrate that Defendants engaged in a pattern and practice of disability discrimination.

41. The above facts demonstrate that Defendants engaged in a pattern and practice of unlawful retaliation.

42. There was a causal connection between Patrick's disability and Defendants' constructive termination of Patrick.

43. There was a causal connection between Patrick's disability discrimination complaint and Defendants' constructive termination of Patrick.

44. As a result of EPC acts and omissions, Patrick has suffered, and will continue to suffer, damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA
### (Defendant EPC Only)

45. Patrick restates each and every paragraph of this Complaint as if it were restated herein.

46. As described infra, Patrick suffered from Lupus, and therefore is in a protected class for her disabilities.

47. Alternatively, EPC perceived Patrick as being disabled.

48. During her employment with EPC, Patrick was subjected to offensive and harassing conduct based on her actual and/or perceived disability from her supervisors.

49. Defendant knew or should have known of the offensive, harassing conduct against Patrick.

50. Defendant condoned, tolerated, and ratified this offensive, harassing conduct.

51. This offensive, harassing conduct was severe and/or pervasive.

52. This offensive, harassing conduct was offensive to Patrick.

53. This offensive, harassing conduct would also be offensive to any reasonable person.

54. This offensive, harassing conduct interfered with Patrick's ability to perform her job duties.

55. This offensive, harassing conduct was based on Patrick's actual and/or perceived disability.

56. This offensive, harassing conduct was so severe and pervasive that it materially altered the conditions of Patrick's employment.

57. Defendant also materially changed Patrick's employment by demoting her.

58. This demotion was an adverse employment action against Patrick.

6

59. Any reasonable person in Patrick's place would also have no choice but to resign due to the conduct.

60. Defendant treated Patrick differently than other similarly-situated employees based on her actual and/or perceived disabling condition.

61. Patrick, with no other reasonable choice, was then forced to resign her employment on or around August 26, 2021.

62. Patrick's resignation was a constructive termination, an adverse employment action.

63. Defendant constructively terminated Patrick's employment.

64. Defendant forced Patrick to resign based on her actual and/or perceived disabling condition.

65. The ADA provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disability.

66. Defendant violated the ADA when it constructively discharged Patrick based on her actual and/or perceived disabling condition.

67. Defendant violated the ADA by discriminating against Patrick based on her actual and/or perceived disabling condition.

68. Patrick suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA.

69. As a direct and proximate result of Defendant's conduct, Patrick suffered and will continue to suffer damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112 et seq. (Defendant EPC Only)

70. Patrick restates each and every paragraph of this Complaint as if it were restated herein.

71. As described infra, Patrick suffered from Lupus, and therefore is in a protected class for her disabilities.

72. Alternatively, EPC perceived Patrick as being disabled.

73. During her employment with EPC, Patrick was subjected to offensive and harassing conduct based on her actual and/or perceived disability from her supervisors.

74. Defendant knew or should have know of the offensive, harassing conduct against Patrick.

75. Defendant condoned, tolerated, and ratified this offensive, harassing conduct.

76. This offensive, harassing conduct was severe and/or pervasive.

77. This offensive, harassing conduct was offensive to Patrick.

78. This offensive, harassing conduct would also be offensive to any reasonable person.

79. This offensive, harassing conduct interfered with Patrick's ability to perform her job duties.

80. This offensive, harassing conduct was based on Patrick's actual and/or perceived disability.

81. This offensive, harassing conduct was so severe and pervasive that it materially altered the conditions of Patrick's employment.

82. Defendant also materially changed Patrick's employment by demoting her.

83. This demotion was an adverse employment action against Patrick.

84. Any reasonable person in Patrick's place would also have no choice but to resign due to the conduct.

85. Defendant treated Patrick differently than other similarly-situated employees based on her actual and/or perceived disabling condition.

86. Patrick, with no other reasonable choice, was then forced to resign her employment.

87. On or about August 26, 2021, Defendant forced Patrick to resign without just cause.

88. Patrick's resignation was a constructive termination, an adverse employment action.

89. Defendant constructively terminated Patrick's employment.

90. Defendant forced Patrick to resign based on her actual and/or perceived disabling condition.

91. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disability.

92. Defendant violated R.C. § 4112 et seq., when it constructively discharged Patrick based on her actual and/or perceived disabling condition.

93. Defendant violated R.C. § 4112 et seq., by discriminating against Patrick based on her actual and/or perceived disabling condition.

94. Patrick suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

95. As a direct and proximate result of Defendant's conduct, Patrick suffered and will continue to suffer damages.

### COUNT III: FAILURE TO ACCOMMODATE UNDER THE ADA
### (Defendant EPC Only)

132. Patrick restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

133. Patrick informed EPC of her disabling condition.

134. Patrick requested accommodations from EPC to assist with her disabilities including stepping out to the break room when she was overheated.

135. Patrick's requested accommodations were reasonable.

136. There was an accommodation available that would have been effective and would have not posed an undue hardship to EPC.

137. EPC failed to engage in the interactive process of determining whether Patrick needed an accommodation.

138. EPC failed to provide an accommodation.

139. EPC violated the ADA.

140. As a direct and proximate result of EPC's conduct, Patrick suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 et seq.
### (Defendant EPC Only)

141. Patrick restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

142. Patrick informed Defendants of her disabling condition.

143. Patrick requested accommodations from Defendants to assist with her disabilities including stepping out to the break room when she was overheated.

144. Patrick's requested accommodations were reasonable.

145. There was an accommodation available that would have been effective and would have not posed an undue hardship to EPC.

146. Defendants failed to engage in the interactive process of determining whether Patrick needed an accommodation.

147. Defendants failed to provide an accommodation.

148. Defendants violated R.C. § 4112.02 by failing to provide Patrick a reasonable accommodation.

149. Patrick suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 et seq.

150. As a direct and proximate result of Defendants' conduct, Patrick suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V: RETALIATORY DISCRIMINATION

96. Patrick restates each and every prior paragraph of this complaint, as if it were fully restated herein.

97. Patrick made a protected complaint of disability discrimination to Dottie LNU and Jack LNU for demoting her due to her disability and failing to accommodate her disability.

98. EPC refused to take action in regards to any of these protected complaints.

99. Following these protected complaints, EPC was demoted.

100. Defendant's actions were retaliatory in nature based on Patrick's protected complaints of discrimination.

101. Pursuant to R.C. §4112.02 and the ADA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

102. Patrick suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA R.C. § 4112.01 et seq.

103. As a direct and proximate result of Defendant's retaliatory discrimination against and constructive discharge of Patrick, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT VI: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION
### (Defendant Dottie LNU Only)

169. Patrick restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

170. Pursuant to R.C. § 4112.02(J), it is unlawful "[f] or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

171. Dottie LNU aided, abetted, incited, coerced, and/or compelled EPC's discriminatory demotion of Patrick.

11

172. Dottie LNU aided, abetted, incited, coerced, and/or compelled EPC's discriminatory treatment of Patrick.

173. Dottie LNU violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting and inciting discrimination.

174. Patrick suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 et seq.

175. As a direct and proximate result of Defendants' conduct, Patrick has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Patrick demands from Defendant the following:

a) Issue a permanent injunction:

   i.   Requiring Defendant to abolish discrimination, harassment, and retaliation;

   ii.  Requiring allocation of significant funding and trained staff to implement all changes within two years;

   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   iv.  Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

13

       v.     Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge Patrick's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Patrick for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Patrick's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,


___/s/ Evan R. McFarland_____
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
     Trial Attorney
Brianna R. Carden (0097961)
**THE SPITZ LAW FIRM, LLC**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

Attorneys for Plaintiff Sarah Patrick


## JURY DEMAND

Plaintiff Sarah Patrick demands a trial by jury by the maximum number of jurors permitted.


___/s/ Evan R. McFarland_____
Evan R. McFarland (0096953)